UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   Case No. 23-CV-3007 (VEC)

ANGELA SPIVEY,

                      Plaintiff,   **FIRST AMENDED COMPLAINT**

- against -

MCR DEVELOPMENT LLC d/b/a MCR HOTELS   **PLAINTIFF DEMANDS A TRIAL BY JURY**

                      Defendant.
------------------------------------------------------------------------X

ANGELA SPIVEY ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against MCR DEVELOPMENT LLC d/b/a MCR HOTELS (hereinafter, "Defendant" or "MCR"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to (i) **Article 23-A of the New York State Correction Law**, NY Corr. Law § 750 *et seq*. (the "Correction Law"); (ii) the **New York State Human Rights Law** ("NYSHRL") § 296(15); and (iii) the **New York City Human Rights Law,** New York City Administrative Code § 8-107(10), *et seq*., (NYCHRL) and seeks damages to redress the injuries Plaintiff has suffered as a result of Defendant's violations of the foregoing statutes.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 insofar as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

3. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. At all times material, Plaintiff Angela Spivey was and is a resident of the State of New Jersey.

5. At all times material, Plaintiff was an "employee" within the meaning of the NYSHRL and NYCHRL.

6. At all relevant times herein, MCR Development LLC operates under the trade name MCR Hotels LLC and owns and operates the Sheraton Times Square Hotel.

7. At all times material, Defendant MCR was and is a limited liability corporation with a principal place of business located at One World Trade Center, Floor 86, New York, New York 10007. Defendant MCR was not formed under the laws of the State of New Jersey.

8. Further, upon information and belief, Defendant MCR has three (3) individual members: Tyler Morse, a citizen of the State of New York; Richard Reiss, a citizen of the State of New York; and Randall Churchey, a citizen of the State of Tennessee.

9. Defendant MCR is a private employer as defined by the Correction Law.

## MATERIAL FACTS

10. On or about March 11, 2022, Plaintiff applied for employment with Defendant MCR for a position as Director of Housekeeping for the Sheraton Times Square Hotel. This hotel is owned and operated by Defendant MCR.

11. On or about March 15, 2022, Moira Boag, Corporate Director of Human Resources (hereinafter, "Ms. Boag"), contacted Plaintiff regarding her application for the role and

scheduled a phone interview.

12. Later that week, on or about March 17, 2022, Plaintiff had a successful first-round interview with Ms. Boag. Thereafter, Plaintiff was then invited for a second-round interview.

13. On or about March 18, 2022, Plaintiff received an email from Ms. Boag inviting Plaintiff to an in-person interview with Senior Regional Manager, Operations, Ms. Edyta Fitzmaurice ("Ms. Fitzmaurice") and Tyler Dubs ("Mr. Dubs"). This interview was scheduled for March 29, 2022.

14. On March 29, 2022, Plaintiff interviewed with Ms. Fitzmaurice via Zoom, and interviewed with Rebecca Bavaro ("Ms. Bavaro") in person. After the interview, Plaintiff was informed Defendant MCR would require a few weeks to decide regarding her candidacy.

15. On or about April 19, 2022, Plaintiff followed up with Ms. Boag, Ms. Fitzmaurice, Mr. Dubs, Ms. Bavaro, and Director of Human Capital, Irene Ajagbe ("Ms. Ajagbe") via email.

16. The following day, on April 20, 2022, Ms. Fitzmaurice replied informing Plaintiff that Defendant MCR had selected a different candidate. However, Plaintiff was offered the opportunity to apply for a role as Assistant Director of Housekeeping. Plaintiff quickly replied expressing her interest in the Assistant Director role. Shortly thereafter, she was scheduled for an interview for the new position.

17. On or about April 21, 2022, Plaintiff completed individual interviews with Jim Mooney, General Manager ("Mr. Mooney"), Scott Frain, Hotel Manager ("Mr. Frain"), Metin Erkin, Director of Human Resources ("Mr. Erkin"), and the Director of Rooms (name unknown).

18. Later that same day, Ms. Fitzmaurice called Plaintiff and verbally offered her the position of Assistant Director of Housekeeping at Sheraton Times Square, which Plaintiff accepted.

       Ms. Fitzmaurice informed Plaintiff she would receive an official offer letter soon via email.

19. Indeed, the next day, on or about April 22, 2022, Plaintiff received an offer letter from Ms. Ajagbe via an electronic link which further prompted Plaintiff to formally accept Defendant's offer for the position of Assistant Director of Housekeeping at Sheraton Times Square, with a base salary of $120,000 annually.

20. Plaintiff followed the prompts and, using the link, accepted the position again. The official offer letter further indicated that Plaintiff's start date in this role would be May 24, 2022, leaving Plaintiff with sufficient time to notify her current job that she was leaving and to transition into her role with Defendant.

21. As such, following receipt of the offer letter from Defendant MCR, Plaintiff submitted her two weeks' notice and informed her prior employer of her resignation from her position.

22. Defendant MCR determined that Plaintiff was qualified for the position. This was evident based on their eagerness to interview Plaintiff and their same day job offer, in addition to following up with an official offer letter the next day.

23. On or about April 26, 2022, Plaintiff received an email from Ms. Ajagbe, asking Plaintiff to complete a background check and drug screen. Plaintiff scheduled an appointment for her drug screen for May 4, 2022. She completed all necessary forms for her background check with Orange Tree Employment Screening ("Orange Tree"), a consumer reporting agency, and reported for her drug screening as planned on May 4, 2022.

24. On or about May 5, 2022, Plaintiff was informed her background check was completed.

25. On or about May 13, 2022, Plaintiff received a letter from Orange Tree stating Defendant MCR was "considering making an adverse employment decision based on their hiring criteria, including information received in Plaintiff's background profile report from

Orange Tree Employment Screening."

26. In this communication from Orange Tree, received on or about May 13, 2022, Plaintiff was not told what information from her background check was being considered by MCR in making its decision regarding Plaintiff's employment.

27. Since receiving the letter dated May 13, 2022, Plaintiff has been unable to verify the accuracy of the information described in it due to the vague nature of the letter. In addition, Plaintiff was unable to submit additional information explaining her circumstances. Further, Defendant MCR has not requested any such additional information, either.

28. Without this information, Defendant MCR could not analyze whether there was a direct relationship between Plaintiff's criminal offense and the position she sought. Similarly, Defendant MCR could not analyze whether employing Plaintiff in the position would involve an unreasonable risk to property or safety or welfare of specific persons or the general public.

29. Moreover, upon receiving this notice from Orange Tree on behalf of Defendant, Plaintiff was left unsure of the status of her employment with Defendant and whether she would be permitted to begin her employment on May 24, 2022, as previously indicated in her offer letter.

30. Indeed, on the eve of her aforementioned start date with Defendant MCR, Plaintiff had still not received any update on the status of her employment with Defendant as of May 23, 2022.

31. In light of Defendant's silence and lack of guidance on the issue, on or about May 23, 2022, Plaintiff placed calls to the Sheraton Times Square Hotel, but she received no answer.

32. Moreover, on the same day, Plaintiff sent separate emails to Ms. Ajagbe as well as Ms.

Boag, seeking guidance as to whether a decision has been made regarding her employment with Defendant and how to proceed in consideration of the start of her employment the next day. Similarly, Plaintiff received no response to either of these emails.

33. Due to Defendant's unresponsiveness, Plaintiff did not present to the Sheraton Times Square Hotel for the beginning of her employment on May 24, 2022, or any day thereafter, fearing further embarrassment and that Defendant had already made its decision to terminate her employment.

34. On June 3, 2022, Plaintiff received another letter from Orange Tree notifying Plaintiff that "MCR is unable to consider you further for an employment opportunity with our organization," thereby rescinding Defendant's offer of employment to Plaintiff on the basis of Plaintiff's prior criminal convictions.

35. Defendant's adverse employment action letter only included instructions on how to dispute a finding or start a re-investigation. No additional guidance was provided. Moreover, Defendant MCR did not provide Plaintiff the opportunity to communicate or add information regarding her rehabilitation and good conduct.

36. Plaintiff was not given the opportunity to provide an explanation or any mitigating factors to Defendant MCR as required § 753 of the Correction Law.

37. Plaintiff did not receive any further communication from Defendant MCR. Significantly, as a result of Defendant's unresponsiveness and then its termination of her employment, Plaintiff did not start the Assistant Director position on May 25, 2022, as previously scheduled.

38. Plaintiff's criminal conviction was 15 years ago. She has had no further arrests or conviction, nor any criminal justice contact since then.

39. Further, the criminal offenses committed hold no bearing to Plaintiff's fitness or ability to perform the duties and responsibilities required of her position.

40. Since her conviction, Plaintiff has worked 10 years in hospitality with well-known hotel chains, receiving only the highest of praise. Plaintiff's experience includes serving as Interim Director of Housekeeping at Sheraton Ann Arbor, Marriott Owings Mills, The Modern Sarasota by Marriott, and the Bethesdan by Hilton, Director of Housekeeping at Embassy Suites Times Square, Assistant Director of Housekeeping at Grand Hyatt New York, and most recently as Task Force Director of Housekeeping, for Transformation Hospitality Solutions.

41. Notably, Defendant MCR's **only reason for denying Plaintiff's employment was her criminal conviction.**

42. To date, Defendant MCR has not requested or reviewed further information from Plaintiff that would enable it to fully evaluate the factors laid out in § 753 of the Correction Law. For example, Defendant MCR never asked Plaintiff for information regarding the circumstances of her conviction or for evidence of her rehabilitation or good conduct.

43. Defendant discriminatorily rescinded its conditional offer of employment to Plaintiff based solely on her prior criminal conviction from 15 years ago in violation of New York law prohibiting discrimination against those with past criminal convictions.

44. Plaintiff has suffered substantial financial hardship as result of Defendant's actions. She resigned from her previous employment, reasonably relying on Defendant's offer of new employment. Plaintiff has been unlawfully denied her position for discriminatory reasons.

45. Defendant acted willfully in violating the requirements of the NYSHRL, NYCHRL and the Correction Law.

46. Defendant knew or should have known of its obligations under the NYSHRL, NYCHRL and the Correction Law.

47. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

49. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

50. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages.

51. By reason of the foregoing violations, Plaintiff is entitled to damages as provided by statute.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK STATE CORRECTION LAW

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. Correction Law § 752 provides that:

> Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited. No application for any license or employment, to which the provisions of this article are applicable, shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the applicant has previously been convicted of one or

>more criminal offenses, unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought; or (2) the issuance of the license or the granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

54. Defendant engaged in unfair discriminatory practices by discriminating against Plaintiff and taking adverse action against Plaintiff by effectively terminating her employment based solely on her prior criminal convictions. There is no direct relationship between any of Plaintiff's previous offenses, and her employment sought through Defendant MCR. Granting of Plaintiff's employment would not involve any unreasonable risk to the property or safety of individuals or the public, as Plaintiff's prior offenses occurred over fifteen years ago, and has not been convicted or arrested since.

55. Defendant MCR also failed to consider the appropriate factors concerning Plaintiff's prior offenses.  Correction Law § 753 provides that employers shall consider:

>[a]The public policy of New York State to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
>
>[b]The specific duties and responsibilities necessarily related to the employment sought or held by the person.
>
>[c]The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on the person's fitness or ability to perform one or more such duties or responsibilities.
>
>[d]The time which has elapsed since the occurrence of the criminal offense or offenses.
>
>[e]The age of the person at the time of occurrence of the criminal offense or offenses.
>
>[f]The seriousness of the offense or offenses.
>
>[g]Any information produced by the person, or produced on the person's behalf, in regard to their rehabilitation or good conduct.

> [h]The legitimate interest of the employer in protecting property and the safety and welfare of specific individuals or the general public.

56. Defendant MCR failed to consider the appropriate factors. This constituted a violation of the law. Defendant MCR's violation of the statute frustrates the public policy of New York State to encourage the employment of persons previously convicted of criminal offenses.

57. Defendant MCR failed to consider Plaintiff's specific duties and responsibilities related to her employment. Defendant MCR failed to consider what, if any bearing, Plaintiff's prior offenses would have had on Plaintiff's ability to perform her duties. Further, Defendant MCR failed to consider that Plaintiff's offenses occurred over fifteen years ago and that at the time of Plaintiff's offenses, Plaintiff was 29 years old. Since then, Plaintiff has established a successful career in hospitality. Plaintiff has worked for a variety of well-known hotel chains without incident or disciplinary action. Defendant MCR did not give Plaintiff an opportunity to meaningfully communicate as to her rehabilitation and good conduct. Lastly, Defendant MCR did not consider whether employing Plaintiff would involve an unreasonable risk to property or safety or welfare of specific persons or the general public.

58. Defendant MCR failed to communicate with Plaintiff and prevented her from commencing her employment. By doing so, they in effect rescinded Plaintiff's offer of employment, in violation of the law.

59. Defendant acted willfully in violating the requirements of the Correction Law.

60. Defendant knew or should have known about its obligations under the Correction Law.

61. By reason of Defendant's wrongful and/or unlawful actions, Plaintiff is entitled to actual damages, punitive damages, and attorney's fees and costs in amounts to be determined by the Court in accordance with the statute.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF THE NYSHRL

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. The NYSHRL § 296(15) provides, in relevant part, that it shall be an unlawful discriminatory practice for any person to deny employment to any individual by reason of his or her having been convicted of one or more criminal offenses when such denial is in violation of Article 23-A of the Correction Law.

64. Defendant MCR violated the foregoing provision by effectively rescinding Plaintiff's employment without considering and/or analyzing the foregoing relevant factors under the Correction Law, Article 23-A. Defendant took an adverse employment action against Plaintiff, by effectively rescinding employment prior to reviewing or considering any of the necessary information.

65. Plaintiff was discriminated against on the basis of her prior criminal convictions which occurred over fifteen years ago.

66. Defendant MCR acted willfully in violating the requirements of the NYSHRL.

67. Defendant MCR knew or should have known about its obligations under the NYSHRL.

68. By reason of the foregoing violations, Plaintiff is entitled to damages as provided by statute.

## THIRD CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF THE NYCHRL

69. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. New York City Administrative Code §8-107(10) provides that it shall be an unlawful

discriminatory practice:

> For any employer, employment agency or agent thereof to deny employment to any person or take adverse action against any employee by reason of such person or employee having been convicted of one or more criminal offenses, or by reason of finding the person lacks "good moral character" based on such person or employee having been convicted of one or more criminal offenses, when such denial or adverse action is in violation of the provisions of article of the correction law.

71. Defendant MCR violated the foregoing provision by effectively rescinding Plaintiff's employment without considering and/or analyzing the foregoing relevant factors under the Correction Law, Article 23-A. Defendant took an adverse employment action against Plaintiff, by effectively rescinding employment prior to reviewing or considering any of the necessary information.

72. Defendant MCR acted willfully in violating the requirements of the NYCHRL.

73. Defendant MCR knew or should have known about its obligations under the NYCHRL.

74. By reason of the foregoing violations, Plaintiff is entitled to damages as provided by statute.

## JURY DEMAND

75. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against DEFENDANT:

A. Awarding damages as provided by statute under the provisions of NYSHRL;

B. Awarding damages as provided by statute under the provisions of NYCHRL;

C. Awarding damages as provided by statute under the provisions of Correction Law;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant MCR's unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

H. Awarding pre-judgment and post-judgment interest, as provided by law; and

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
April 14, 2023

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

By:   /s/ Joshua M. Friedman
Joshua M. Friedman, Esq.
Dane Pierre, Esq.
*Attorneys for Plaintiff*
585 Stewart Ave., Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
jfriedman@tpglaws.com
dpierre@tpglaws.com