UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA SPIVEY,<br><br>        Plaintiff,<br><br>v.<br><br>MCR DEVELOPMENT LLC d/b/a MCR HOTELS,<br><br>        Defendant. | Case No.: 1:23-cv-03007-VEC |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant, MCR Opportunity Fund Property Management LLC, incorrectly identified as MCR Development LLC ("MCR"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Angela Spivey ("Plaintiff"), and states:

**NATURE OF THE CASE**

1. MCR admits Plaintiff purports to bring this action for alleged violations of Article 23-A of the New York State Correction Law (NY Corr. Law § 750 *et seq.*), the New York State Human Rights Law § 296(15), and the New York City Human Rights Law (New York City Administrative Code § 8-107(10), *et seq.*). Except as specifically admitted, MCR denies the allegations in ¶ 1, including that MCR committed any violations or wrongdoing under the law or that Plaintiff suffered any damages.

## JURISDICTION AND VENUE

2.      The allegations in ¶ 2 contain legal conclusions to which no response is required. To the extent a response is required, MCR admits Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1332 but leaves all matters of jurisdiction to the Court.

3.      The allegations in ¶ 3 contain legal conclusions to which no response is required. To the extent a response is required, MCR admits Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1391(b)(2) but leaves all matters of venue to the Court.

## PARTIES

4.      MCR denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5.      MCR denies the allegations in ¶ 5 as calling for a legal conclusion.

6.      MCR denies the allegations in ¶ 6.

7.      MCR denies the allegations in ¶ 7.

8.      MCR denies the allegations in ¶ 8.

9.      MCR denies the allegations in ¶ 9 as calling for a legal conclusion.

## MATERIAL FACTS

10.     MCR admits that Plaintiff applied for employment on or about April 11, 2022, but denies the remaining allegations in ¶ 10.

11.     MCR admits the allegations in ¶ 11.

12.     MCR admis the allegations in ¶ 12.

13.     MCR admits the allegations in ¶ 13.

14.     MCR admits the allegations in ¶ 14.

15. MCR admits the allegations in ¶ 15.

16. MCR admits the allegations in ¶ 16.

17. MCR admits the allegations in ¶ 17.

18. MCR admits the allegations in ¶ 18.

19. The allegations in ¶ 19 references a written document, which is the best evidence of its contents and MCR denies any allegations inconsistent therewith.

20. MCR denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. MCR denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. MCR denies the allegations in in ¶ 22.

23. MCR denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. MCR denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. MCR denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. MCR denies the allegations in ¶ 26.

27. MCR denies the allegations in ¶ 27.

28. MCR denies the allegations in ¶ 28.

29. MCR denies the allegations in ¶ 29.

30. MCR denies the allegations in ¶ 30.

31. MCR denies the allegations in ¶ 31.

32. MCR denies the allegations in ¶ 32.

33. MCR denies the allegations in ¶ 33.

34. The allegations in ¶ 34 references a written document, which is the best evidence of its contents, and MCR denies any allegations inconsistent therewith.

35. The allegations in ¶ 35 references a written document, which is the best evidence of its contents, and MCR denies any allegations inconsistent therewith.

36. MCR denies the allegations in ¶ 36.

37. MCR denies the allegations in ¶ 37.

38. MCR denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. MCR denies the allegations in ¶ 39.

40. MCR denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. MCR denies the allegations in ¶ 41.

42. MCR denies the allegations in ¶ 42.

43. MCR denies the allegations in ¶ 43.

44. MCR denies the allegations in ¶ 44.

45. MCR denies the allegations in ¶ 45.

46. MCR denies the allegations in ¶ 46 as calling for a legal conclusion.

47. MCR denies the allegations in ¶ 47.

48. MCR denies the allegations in ¶ 48.

49. MCR denies the allegations in ¶ 49.

50. MCR denies the allegation in ¶ 50.

51. MCR denies the allegations in ¶ 51.

## FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER NEW YORK STATE CORRECTION LAW

52. MCR reasserts the foregoing as if fully stated herein.

53. MCR avers that ¶ 53 purportedly cites a New York State statute and that such statute is the best evidence of its contents.

54. MCR denies the allegations in ¶ 54.

55. MCR denies the allegations in the first sentence of ¶ 55. MCR avers that the second sentence in ¶ 55 purportedly cites a New York State statute and that such statute is the best evidence of its contents.

56. MCR denies the allegations in ¶ 56.

57. MCR denies the allegations in ¶ 57.

58. MCR denies the allegations in ¶ 58.

59. MCR denies the allegations in ¶ 59.

60. MCR denies the allegations in ¶ 60 as calling for a legal conclusion.

61. MCR denies the allegations in ¶ 61.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NYSHRL

62. MCR reasserts the foregoing as if fully stated herein.

63. MCR avers that ¶ 63 purportedly cites a New York State statute and that such statute is the best evidence of its contents.

64. MCR denies the allegations in ¶ 64.

65. MCR denies the allegations in ¶ 65.

66. MCR denies the allegations in ¶ 66.

67. MCR denies the allegations in ¶ 67 as calling for a legal conclusion.

68. MCR denies the allegations in ¶ 68.

## THIRD CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF THE NYCHRL

69. MCR reasserts the foregoing as if fully stated herein.

70. MCR avers that ¶ 70 purportedly cites a New York State statute and that such statute is the best evidence of its contents.

71. MCR denies the allegations in ¶ 71.

72. MCR denies the allegations in ¶ 72.

73. MCR denies the allegations in ¶ 73 as calling for a legal conclusion.

74. MCR denies the allegations in ¶ 74 as calling for a legal conclusion.

## JURY DEMAND

75. In response to the allegations in ¶ 75, MCR admits the Plaintiff has requested a jury trial.

MCR denies the allegations contained in the unnumbered WHEREFORE clause, including any allegations that Plaintiff is entitled to any damages or equitable relief, and specifically denies any violations, liability or wrongdoing under the law.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state facts sufficient to state a cause of action.

2. Plaintiff's demand for punitive damages is barred because an award of punitive damages against MCR would contravene the public policy of the state of New York and violate the substantive and procedural rights provided and guaranteed to MCR under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Plaintiff's demand for punitive damages is barred because MCR did not engage in the alleged discrimination with "willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 30 N.Y.3d 325, 89 N.E.3d 475, 481 (2017) (*quoting Home Ins. Co. v. Am. Home Prods. Corp.*, 75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d 930, 934 (1990)).

4. If Plaintiff suffered any injury or damages, which is expressly denied, Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, damages awarded to Plaintiff, if any, should be reduced accordingly.

5. All actions taken by MCR with respect to Plaintiff's application for employment were made without malice, in good faith, and for legitimate business reasons.

6. MCR's decision not to employ Plaintiff was lawful because there exists a direct relationship between Plaintiff's criminal offense and the Director of Housekeeping positions Plaintiff sought. *See* Correction Law § 752[1].

7. MCR's decision not to employ Plaintiff was lawful because employing Plaintiff in the Director of Housekeeping position would involve an unreasonable risk to

property, safety, or welfare of MCR's guests and the general public. *See* Correction Law § 752[2].

8.      MCR did not violate the New York State Correction Law because Plaintiff was disqualified from employment for making a false statement on her application. *Stewart v. Civil Service Commission of City of New York* (1 Dept. 1982) 84 A.D.2d 491, 446 N.Y.S.2d 948.

9.      MCR did not violate the New York State Correction law because employers are "not required" to "state with specificity its detailed analysis with respect to each of the eight factors in its denial letter" or to "point to any contemporaneously created record" to show that it considered all eight factors. *Matter of Acosta v. New York City Dept. of Educ.*, 16 N.Y.3d 309, 318-319, 921 N.Y.S.2d 633, 946 N.E.2d 731 (2011).

10.     MCR reserves the right to rely upon any other defense that may become available or that may appear during the proceedings in this case and hereby reserves the right to amend this Answer to assert any such defense.

Dated: June 21, 2023                            Respectfully submitted,

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (ae9922)
**SESSIONS, ISRAEL, & SHARTLE, LLC**
3 Cross Creek Drive
Flemington, New Jersey 08822
Telephone: (908) 237-1660
Email:  aeasley@sessions.legal

Kevin G. Barreca (admitted PHV)
**SESSIONS, ISRAEL, & SHARTLE, LLC**
3838 N. Causeway Boulevard, Ste. 2800
Metairie, LA  70002
Telephone: (504) 828-3700

kbarreca@sessions.legal

**Attorney for Defendant, MCR Opportunity Fund Property Management LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2023 a copy of the foregoing filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Aaron R. Easley*
Aaron R. Easley, Esq.

9.